**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **EDWARDS FAMILY PARTNERSHIP, LP; BEHER HOLDINGS TRUST** | **APPELLANTS** |
| **V.** | **CAUSE NO. 3:18-CV-158-CWR-LRA** |
| **KRISTINA M. JOHNSON; DEREK A. HENDERSON; WELLS, MARBLE & HURST, PLLC** | **APPELLEES** |

<u>**ORDER**</u>

In this case, Edwards Family Partnership, LP and Beher Holdings Trust—together known as the "Edwards entities"—appeal the Bankruptcy Court's award of professional fees to attorney Derek A. Henderson and the law firm of Wells, Marble & Hurst, PLLC.

**I.     Background**

In the first appeal of this fee dispute, this Court affirmed the Bankruptcy Court's award to Derek A. Henderson for the time he spent "opposing a Chapter 11 trustee and proposing an ultimately unsuccessful plan of reorganization" in the Community Home Financial Services bankruptcy. *Edwards Family P'ship v. Johnson*, No. 3:15-CV-915, Docket No. 14 (S.D. Miss. Sept. 11, 2017). That Henderson's proposed plan was unsuccessful was beside the point; he had made a reasonable judgment call at the time. *Id.*; *see also In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015) (en banc).

This Court remanded the remainder of the appeal. It requested additional factual findings on the reasonableness of fees claimed by Henderson and Wells, Marble & Hurst, PLLC, based on commencing and then litigating certain Adversary Proceedings in the bankruptcy matter.

On remand, the Bankruptcy Court made its additional findings. The Edwards entities again appealed.

The present briefs follow their expected course: the Edwards entities claim the award was unjustified, while Henderson and Wells Marble seek to defend their recovery. The Trustee, despite staying neutral in the Bankruptcy Court proceedings, filed the longest brief in this appeal to support her fellow claimants' fee recovery.[1] She thinks the dispute analogous to rapper Notorious B.I.G.'s hit track, *Mo Money, Mo Problems*. *See* Trustee's Brief at 32.

## II.     Legal Standard

The Bankruptcy Court's award of attorney's fees is reviewed for abuse of discretion. *See In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).

> An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous. Accordingly, [this court] review[s] the bankruptcy court's legal conclusions de novo and its findings of fact for clear error.

*Id.* (citations omitted). "A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003) (quotation marks and citation omitted).

## III.    Discussion

Having examined the Bankruptcy Court's supplemental findings and the present briefs, and generally being familiar with this long-running case, this Court "regretfully" concludes that the record does not support Henderson and Wells Marble's attorney's fees on these Adversary Proceedings. *Edwards Family P'ship*, *supra* at Docket No. 14.

When the lawyers decided to pursue the Adversary Proceedings, the total sum of the unsecured claims was low, both in real terms and relative to the vast claims of Dr. Edwards' entities. Yet the lawyers filed "Adversary Proceedings rais[ing] complicated issues potentially

---

[1] The Trustee's fees are not at issue in this appeal.

2

requiring interpretation of the laws of Costa Rica, Bermuda, British Virgin Islands, Maryland, Mississippi, and California." Bankruptcy Op. at 15. It was an expensive course of action from the outset.[2] Given the modest amounts sought by the unsecured creditors, it would have been more cost-effective, faster, and better for the estate to pay off the few unsecured creditors rather than hire professionals to litigate Adversary Proceedings quibbling about their priority.

To this, the Bankruptcy Court found that the Adversary Proceedings had "a material benefit to creditors other than EFP and BHT, including administrative expense, priority, and unsecured claimants." *Id.* at 20. But that is true only because the Adversary Proceedings materially benefitted persons and firms filing administrative expenses—lawyers. They had no benefit to anyone else.

That is not enough to independently sustain the fee award. As the Bankruptcy Court in Delaware explained last year, "[i]t is important to hold professionals responsible for the fees that they incur and ensure that trustees work for the benefit of the estate, instead of pursuing actions that 'primarily benefit the trustee or the professionals.'" *In re Hosp. Partners of Am., Inc.*, 597 B.R. 763, 767 (Bankr. D. Del. 2019) (quoting The Handbook for Chapter 7 Trustees § 4.A (eff. Oct. 1, 2012)). The courts, mindful of the fact that "every dollar received by the applicant results in one dollar less for creditors," *Matter of Evangeline Ref. Co.*, 890 F.2d 1312, 1326 (5th Cir. 1989), have an "obligation to protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors," *In re APW Enclosure Sys., Inc.*, No. 06-11378(MFW), 2007 WL 3112414, at *2 (Bankr. D. Del. Oct. 23, 2007) (quotation marks and citation omitted).

---

[2] The professionals' rates are reasonable, but the problem is the number of hours it would take to pursue the claims.

This Court has debated whether the Bankruptcy Court's award rises to the level of an abuse of discretion. The undersigned reviewed the above authorities which emphasize that "bankruptcy professionals are not guarantors of the success of a particular theory, proceeding, or strategy." *Hosp. Partners*, 597 B.R. at 767. The Delaware court added, "[t]he standards set forth in § 330 reflect the realities of legal practice, where trustees or professionals often act without complete information about what the ultimate results of those actions might be." *Id.* It proceeded to note its concerns about those professionals who might engage in "the heedless pursuit" of actions "incurring substantial professional expense for little or no return to the estate." *Id.* at 669. As those facts were not presented there, however, the Delaware court awarded fees to the attorneys before it. *Id.* at 670.

This Court also read and re-read the Fifth Circuit's en banc decision in *Woerner*, along with Judge Jolly's concurrence. 783 F.3d 266 (5th Cir. 2015) (en banc) (construing 11 U.S.C. § 330(a)(3)). In that case, the appellate court retired the *Pro-Snax* standard and required lower courts to look at a bankruptcy professional's decisions at the time they were made, rather than in hindsight. *Id.* at 276. This court has endeavored to do that here.

After "taking into account all relevant factors" of this particular case, *id.* at 277, the undersigned is ultimately persuaded that granting fees for these Adversary Proceedings constituted an abuse of discretion. These legal services were neither necessary nor "reasonably likely" to benefit the CHFS estate. *Id.* at 268. When one considers "the reasonable costs of pursuing the action[s]," the "potential benefits to the estate," and the unique factual reality that Dr. Edwards was forced to fund litigation against himself, *to the detriment of all creditors*, the award cannot be sustained. *Id.* at 276 (citations omitted). This was not a good gamble. The choice to pursue the course of action taken here was not reasonable. *Id*. at 274.

4

**IV.     Conclusion**

       For these reasons, the relevant fee awards to Henderson and Wells Marble are vacated.[3]

A separate Final Judgment shall issue this day.

       **SO ORDERED**, this the 5th day of August, 2020.

                                            s/ Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE

---

[3] The Court need not reach the appellants' other arguments.